In the Matter of PHILIP SILVERMAN, an Attorney, Respondent.

First Department, May 31, 1940.

*Einar Chrystie*, for the petitioner.

*Edward Siegel*, for the respondent.

PER CURIAM. The respondent was retained by one Herman Gluckman to act as his attorney in connection with the sale by Gluckman of the entire capital stock of a corporation known as the Rio Caterers, Inc. To complete the transaction, he was intrusted with the sum of $845.36 for the purpose of procuring an assignment of a first mortgage on the fixtures and equipment by the aforesaid corporation. Mr. Gluckman, on August 24, 1939,

presented a petition to the court alleging that the respondent had failed to apply the money to the purposes for which it had been intrusted to him and that he had converted the same to his own use. An order was issued requiring the respondent to show cause why he should not pay over the aforesaid moneys to his client. He submitted an affidavit in opposition to the motion. The court referred the matter to an official referee to hear and report, and directed the respondent to deposit the sum of $845 in court to await the coming in of the referee's report and the further order of the court. The respondent failed to comply with the order. On October 6, 1939, he was duly adjudged in contempt, with leave to purge himself by depositing the amount within five days after service of a copy of the order. On November 9, 1939, he was again held in contempt and the sheriff was directed to arrest him and commit him to jail until he should have paid the sum directed. This order for his commitment is now outstanding and may be enforced if the complainant desires. Instead this proceeding was instituted.

The respondent admitted upon the hearings before the referee that he was unable to comply with the order to deposit the money in court because he had used it in his business and was unable to replace it. He was afforded an opportunity by the referee to obtain and pay over the money within ten days. He failed so to do. More than twenty days later he claimed to have procured the money, and exhibited $200 in bills stating that he had the balance at his office or his home — he could not remember which. He declined, however, to pay the $200 on account, stating that he desired to pay the full amount; that there was no use in paying any part on account. It is obvious that his testimony that he had the balance of the money was false and that he was not, in good faith, endeavoring to make restitution.

The respondent urges here that he should not be subjected to disciplinary action for his mere financial inability to comply with an order of the court. In this he completely ignores the fact that he converted the money in the first instance; that his offense was then consummated without reference to the merits or demerits of the excuses urged by him for failing to apply the money to the purpose for which it was received.

The respondent should be disbarred.

Present — MARTIN, P. J., O'MALLEY, GLENNON, COHN and CALLAHAN, JJ.

Respondent disbarred.